*353 OPINION of the Court, by
Judge Owsley.
— -In-stone purchased from Peyton Short a mill on South Elkhorn, paid part of the consideration, and executed a mortgage on the mill to secure the payment df the due. He then sold the mill to Edwards, for which Edwards was to convey an undivided third of a mill purchased by him from Pemberton, as á part of the price; and to secure Instone in.the price stipulated to be paid, Edwards executed a mortgage on the mill púr-chased by him*
After this, Pemberton conveyed, the undivided third part of the mill sold by him to Edwards, to Instone, tvho some time thereafter sold and conveyed the same tr, M'lfim to Al Kim.
. Pemberton, when he conveyed to Instone, not having received the full payment of the consideration from Edwards, thereafter sold and transferred all his right, title^and interest in the debt and mill to Voorhies,' who sion of the one third of the mill, M’Kim prosecuted an ejectment in the circuit court of the United States for tiie Kentucky district and recovered a judgment therefor. Voorhies then exhibited! his bill in chancery against Instone, M’Kim, Edwards and Pemberton, to sytbjeet the third part of the mill to the payment of the consideration remaining due from Edwftds, alleging Instone and M’Kitn, when they obtained titles, had full knowledge of the consideration remaining due, and in-having obtained the possession, refusféd to permit M’Kim to enjoy any part thereof. To obtain the posses- *354 sístíngéti an equitable Hen orí the land in their hahcfs^feHf the purpose of satisfying the demand. Instone aná KPKi'tn by their answers deny notice, and put Voor-frjes on the proof of the various allegations in his bill.
Refoiv«d,thae nk^no'fceuri0 tv for tfe pur. chafe money, ⅛= landed for the paymmt.
That purchaf. of* ⅛⅛1 e”uita* bie lien take the land fubject to
In ! who had mt *“<« *>«» ⅛⅛ * lien ⅛ ¿anda qf ““■ *
*354 <pfle couitbefcw on a final hearing dismissed Voor* hies’s bill, from which he has appealed to this court. jt htt» heretofore been held, and may now he considered the settled^doctrine of the court, that where a vendor takes ho other security from the vendee, he retains an equitable lien on the latid in the hands of the vendee,- whether a conveyance' has been made or not, for the consideration remaining unpaid. For if the vendee receives a title without having made payment, by an equitable construction a trust results to the vendor, and the vendee is considered as holding the land subject t0 trust. As, therefore, the vendor has an Equity attaching to the land in the hands of the vendee, for the purpose of satisfying the consideration agreed to he given1,-it clearly follow* that purchasers with notice that equity, will likewise take the land subject to it. We have been unable, however, to find any case Where a j¡en has been held to exist on lands in favor of a ven-where he has conveyed to a purchaser of his vendee for a valuable consideration. In such a case it i| evi-8atefe reasons for the existence of a lien di> not apply as in thé case before mentioned of a conveyance to the vendee. In that case the person to whom the ti-⅛ made, has not paid the full consideration ; but m the fatter case he has. In that case no injury can accrue to the vendee by making the land liable to the consideration stipulated by him to be paid; but in the jatfer case, as the purchaser of the vendee has paid the full price for the land, by creating a lien in favor of the vend°r he would be subject to a double payment,
is not necessary, however, to a determination of this cause, and we would not be understood as having deci-decl whether or not in such a case a lien exists. Farit ⅛ clear, to make the land subject to Voorhies’s demand, it must be shewn that Instpne and M’Kim had not*ce before they obtained their titles. ’ And if In-stone had notice befole he received his title,- under the circumstances of this case, he is liable, even if on gerte-ral principles in such a cáse a lien does hot attach : for it appears Pemberton was induced fo convey tó Instan* *355 fo -cénsequence of aja assignment made by; Ed\yafds to $im of Bastrop’s bond, as part of the consideration, and upon condition that if Pemberton should not receive ' payment from Bastrop, be was not to sue, but return the bond, and Edwards to convey the one third of the mill by him purchased from Instone ; and it also appears that Pemberton has not received payment frohaBastrop, nor has Edwards conveyed the one third of the mill, but if rendered unable to do so in consequence of a mortgage given by him to. Instone, and one given by,' Instone , to Short for the mill; of which mortgages it aeenas Pemberton had no knowledge when he conveyed to Instone. If, therefore, Instone had notice of these circumstances and failed to inform Pemberton thereof^ upon general principles of equity (if in ¿common case there exists no lien) he should be made liable to Voor-hies’s demand. But should it not be conclusively proved Instone then had notice, he cannot be made liable, either on the principle of an existing Hen or for a fraud in failing to give notice of the incumbrance to Pember-ton.
The main inquiry in this case, therefore, is, had In-Stone notice when he received the deed from Pember-ton ?
Ftbm a thorough consideration of the case, we are jf opinion the evidence is not sufficiently strong ,to justify such a conclusion, in opposition to the positive denial in Jnstone’s answer, that he had not notice. It is true the writing between Edwards and Pemberton, whereby .Edwards stipulated in case of Bastrop’s failure to pay, lie would convey the one thifd of the mill, was drawn , .on the same day and in the same room when the deed .to. Instone was given; but no witness has been produced, to say the contract between Edwards and Pember-ton was read in the presence of Instone, or that he was .Informed.of its contents. Some of the witnesses say they were of the impression and suppose Instone must have known the contents; hut when they are asked the reason of their supposition and impressions, it is because of the circumstance of the writings being drawn at the same time and place. These circumstances, we think, do not however justify the conclusion and neees-earily prove Instone had notice; for it was certainly ⅞<⅜ wi*qy «⅝⅜⅛- tucsaiicl» *356 or make inquiry into the extent of the'contract or agrees ment between Edwards and Pemberton. He was alone concerned in securing his interest and in obtaining a title. The deed was prepared and e^ecbted to him ; and as an ordinary man, pursuing his o wn business, he could have no interest or inducement to have inquired into the terms upon which Pemberton was induced to convey.
Under all of the circumstances attendant on this case, we are of opinion the court below properly dismissed the complainants bill. The decree must therefore be affirmed with costs,